### HUBBARD, Appellant *vs.* LEONARD, Appellee.

If either party after judgment, in the County Court, enter a review of the cause to the next term of the County Court, the opposite party may notwithstanding enter an appeal of the same cause to the Supreme Court, and such appeal will be sustained.

Rutland,
February.
1814.

.THIS was a motion to dismiss the appeal in this case, as having been irregularly allowed by the County Court.

　The ground of the motion was, that the defendant Leonard, after judgment in the County Court of Rutland County in November last, had reviewed the cause to the term of the County Court to be hol-

den in June next ; and had regularly entered bail to prosecute the **Rutland,** review to effect. After which, and within the time allowed by law ; **February.** **1814.** the plaintiff claim'd, and, by the County Court, was admitted to an appeal from the same judgment to the Supreme Court, and entered **Hubbard** bail as the law requires, and had brought forward and entered his **Leonard.** appeal in this Court. *vs.*

*Mallary*, in support of the motion, contended, that the defendant having a legal right, and having been admitted to a review by the County Court ; and having entered bail for prosecuting the same, that Court had no authority to grant an appeal to the opposite party, the right had attached in the defendant, being first in diligence, he was first in right.

Chipman, Ch. J. delivered the opinion of the Court.

This point has, in effect, been settled in the case Hastings against Hodges and Parker, at the adjourned term of this Court in this County, in June, 1797, (ante, page 124.) The defendants, Hodges and Parker, had at the March term of the County Court, 1797, entered an appeal from a judgment of the County Court, to the then next stated term of the Supreme Court, to be holden in February, 1798. After the defendants had so entered their appeal, the plaintiff entered an appeal to the adjourned term of the Supreme Court to be holden in June, 1797. At which term the plaintiff Hastings brought forward and entered his appeal. The defendants, moved to dismiss the plaintiff's appeal, as having been irregularly allowed by the County Court, after they, the defendants had entered an appeal to another term. But the Court, on full consideration, sustained the plaintiff's appeal. The Court in that case were of opinion that it was not a case, in which the prior option, and exercise of a right by one party, excluded the right of the other. That both might appeal, or both might review. Both cannot, indeed, bring forward and prosecute the appeal or review. If one first prosecute his appeal or review, the appeal or review by the other party, becomes a nullity, and the bail is discharged. The Court said, in that case, that they should be inclined to favor prompt justice, which would be done by sustaining the plaintiff's appeal.

The law gives to each party a right to review his cause in the County Court, or to appeal to the Supreme Court. And no reason is perceived, for giving the option to the party, who could get the

28

Rutland,
February.
1814.

Hubbard
vs.
Leonard.

first start in a motion for a review, in exclusion of the right of the opposite party to appeal to a superior tribunal. But there are solid reasons, why the right of appeal should have a preference. One party may wish to retain the cause in the inferior Court to a final decision ; and, on the construction contended for, he may by entering a review, prevent the cause from being carried to a higher tribunal, except by writ of error, a remedy tedious and expensive, and which, frequently, will not reach the merits of the case. If a review be entered, either for delay or to prevent a decision in a higher tribunal, it is a case not to be favored. The motion must therefore be dismissed, and the appeal sustained.

*Langdon* and *Strong*, for the appellant.

*Mallary*, for the appellee.